## S90A1563. WHITE v. KELSO.
### (401 SE2d 733)

CLARKE, Chief Justice.

This appeal from the denial of a petition for habeas corpus was granted to consider whether a claim of ineffective assistance of trial counsel is waived by petitioner if his appellate counsel, who was not his trial counsel, fails to assert it on direct appeal. We conclude that the ineffective assistance claim was waived.

Victor White was convicted of three counts of armed robbery and received three life prison terms. He was represented at trial by a court-appointed attorney. After his trial, another attorney was appointed to handle his appeal. The only issue raised in the appeal was the sufficiency of the evidence. The Court of Appeals affirmed the conviction.

White filed a pro se petition for habeas corpus asserting that his trial counsel was ineffective. The habeas corpus trial court held a hearing and received the testimony of petitioner and the deposition of petitioner's trial counsel into evidence. The court then denied the petition, stating that the claim was waived by the failure to assert it on appeal.

We hold that the court correctly ruled that the ineffectiveness claim was waived. It is a well established rule that any allegation of a violation of the right to counsel should be made at the earliest practicable moment. See *Smith v. State,* 255 Ga. 654 (341 SE2d 5) (1986). Because an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness, claims of ineffective assistance of counsel are often properly raised for the first time in a habeas corpus petition. However, in *Thompson v. State,* 257 Ga. 386 (359 SE2d 664) (1987), we held that where new counsel appointed or retained after the trial amends the motion for new trial without raising the issue of ineffective assistance, the claim was waived. In *Johnson v. State,* 259 Ga. 428 (383 SE2d 115) (1989), we held that the claim may be raised for the first time in the direct appeal if the direct appeal marks the first appearance of new counsel. The rule is consistent: New counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review.

A pro se petitioner is in a position similar to that of new counsel. The petitioner may raise the ineffectiveness of previous counsel at the first practicable moment. But, in this case "previous counsel" is not the trial counsel, but appellate counsel. When petitioner made his first appearance in his own behalf, the claim of ineffectiveness of trial counsel had already been waived by his appellate counsel. Appellate counsel did not raise petitioner's claim of ineffectiveness of trial counsel in a motion for new trial or on direct appeal. The claim is therefore procedurally barred unless petitioner can demonstrate cause for the failure to raise the claim and prejudice arising therefrom. *Black v. Hardin*, 255 Ga. 239 (336 SE2d 754) (1985).

Petitioner argues that he did not intend to waive his ineffective assistance of counsel claim. He says that his state-appointed appellate counsel did not raise the issue for him. This argument is of no avail. Our rule regarding procedural bar does not require the intentional relinquishment of known rights. See OCGA § 9-14-42, *Valenzuela v. Newsome*, 253 Ga. 793 (325 SE2d 370) (1985). Rather, the procedural bar does not apply when the petitioner shows cause and prejudice as described in *Black v. Hardin*, supra, or when the procedural bar will work a miscarriage of justice. Id. Petitioner here does not argue or point to any facts in the record that indicate either cause for appellate counsel's failure to raise the claim or any prejudice arising therefrom. Further, the record does not reflect any miscarriage of justice. Finally, petitioner does not argue that his appellate counsel rendered ineffective assistance. Under these circumstances, the claim of ineffective assistance of trial counsel is defaulted.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 1991.

Victor White, *pro se.*

Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, for appellee.