A99A0595. CLOYD v. THE STATE.
(516 SE2d 103)

BLACKBURN, Presiding Judge.
   Dominic Cloyd appeals his conviction of three counts of armed robbery, three counts of aggravated assault, and three counts of kidnapping, following a jury trial. Cloyd contends that the evidence does not support the verdict and that the trial court erred by: (1) denying his motion for directed verdict; (2) failing to charge the lesser included offense of false imprisonment; and (3) improperly recharging the jury. For the reasons set forth below, we affirm.
   1. The same standard of review applies to the enumeration of error for the denial of the motion for directed verdict and to the enumeration of error for the sufficiency of the evidence, so we will consider these enumerations together. "[W]e view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Punctuation omitted.) *Wilson v. State*, 233 Ga. App. 327, 328 (1) (503 SE2d 924) (1998).

   [T]he appellant . . . no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Punctuation omitted.) *Shabazz v. State*, 229 Ga. App. 465-466 (1)

(494 SE2d 257) (1997).

Viewed in this light, the evidence shows that on April 27, 1996, Cloyd and Terrence Toliver came to the back door of the apartment of Eugene Jones, asking to see Jones' roommate. Although the roommate was not in, Jones, who recognized the two men, invited them into the apartment. While Cloyd blocked the door, Toliver held a gun to Jones' head and ordered Jones and his two guests, Everett and Bennet Barnett, to a back bedroom. Cloyd then "hog-tied" all three. Toliver and Cloyd took money, jewelry and watches from the three victims before proceeding to ransack the apartment. Toliver and Cloyd carried Jones, who was still bound, to the bathroom where he was repeatedly dunked in the bathtub. Thereafter, Cloyd counted four bullets in his gun. While Cloyd held Jones down, Toliver shot him in the head. Cloyd and Toliver then shot both of the Barnetts in the head. All of the victims survived and testified at trial naming Cloyd as one of their assailants.

Despite this overwhelming evidence, Cloyd contends that the evidence showed that he was merely present at the crime. Although

> [p]resence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that defendant is a party . . . , criminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Citations and punctuation omitted.) *Norris v. State*, 220 Ga. App. 87, 89 (2) (469 SE2d 214) (1996). In this case, there was ample evidence to authorize the jury's finding that Cloyd was guilty, beyond a reasonable doubt, and to support the convictions. *Jackson v. Virginia*, supra.

2. Cloyd contends the trial court erred by failing to charge the jury on false imprisonment, a lesser included offense of kidnapping; however, Cloyd did not request the charge, either orally or in writing. " 'A trial judge never errs in failing to include a charge on a lesser included offense unless there is a written request to charge.' " *Livery v. State*, 233 Ga. App. 882, 886 (4) (506 SE2d 165) (1998); *Howard v. State*, 233 Ga. App. 724, 729 (6) (505 SE2d 768) (1998).

3. Cloyd argues that the trial court erred in its recharge on aggravated assault and party to a crime by failing to recharge on rea-

sonable doubt and the defendant's not guilty plea as well. "As a general rule, 'the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court.'" *Miller v. State*, 221 Ga. App. 718, 719 (1) (472 SE2d 697) (1996).

Where a jury, which has been fully and properly charged, requests a recharge on a specific question, it is within the discretion of the trial court whether to recharge entirely or to recharge only on the specific question. *Miller*, supra; *Dyson v. State*, 155 Ga. App. 297, 299 (270 SE2d 711) (1980). It is not error to recharge only on the specific question so long as the recharge "taken alone [does not] leave an erroneous impression in the minds of the jury." (Citations omitted.) *Brannon v. State*, 163 Ga. App. 340, 341 (2) (295 SE2d 110) (1982).

To determine whether a recharge is erroneous, we examine the charge as a whole, including both the initial charge and the recharge. *Miller*, supra. In this case, the trial court charged the jury in the initial charge on the burden of proof, reasonable doubt, suspicion, mere presence, mere association and Cloyd's plea of not guilty. Later, when the jury returned with a question regarding party to a crime and assault,[1] the trial court recharged the jury by reading the definitions of assault and party to a crime. Additionally, prior to reading the definitions, the trial court instructed the jury:

> Ladies and Gentleman, let me say, that anything I'm about to tell you now in the way of further or recharge or further charge should be given no greater weight than the information and the charge that I gave you yesterday evening before you adjourned for the night. So that anything I tell you now needs to be taken in the context of the previous charge as well as the new or different or further elucidation of the particular legal question that you had asked about.

Here, as the trial court properly instructed the jury to consider the charge as a whole and to consider as equally important the initial charge, we conclude that the recharge did not overemphasize the State's case and did not leave an erroneous impression in the mind of the jury. See *Miller*, supra. The trial court did not err.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 12, 1999.

---

[1] The jury asked, "How does party to a crime apply to an indictment of assault says assisting, advising et cetera make one guilty of assault?"

*Thomas R. Moran*, for appellant.
*Paul L. Howard, Jr., District Attorney, Cari K. Johanson, Assistant District Attorney*, for appellee.