A06A1697, A06A1698. GARLAND v. THE STATE (two cases).
(642 SE2d 320)

MIKELL, Judge.

A jury convicted brothers Larry and Mack Garland of armed robbery, aggravated assault, and other crimes arising from Larry and another man's forcible entry into a house for the purpose of stealing marijuana. On appeal, the brothers' arguments include that the evidence was insufficient and that the trial court erred when it denied their motion for substitution of counsel for purposes of appeal. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that in December 2003, Mack Garland told his brother Larry and another man, Russell Stahl, that a man known to him had at least seven ounces of marijuana. On the basis of this information, Larry and Stahl drove to the victim's house. When they arrived, they

---

[4] *Freeman v. State*, 269 Ga. App. 435, 438 (1) (604 SE2d 280) (2004).

called Mack, who verified that the car parked in front of the house was indeed the victim's. Larry smashed the victim's sliding glass door with the butt of the .22 caliber gun he was carrying, and both men entered the residence. The two men forced the victim to the ground and demanded the marijuana. One of them struck the victim on the head with the butt of the gun.

After the victim grabbed his own shotgun from under the bed, a struggle ensued and the shotgun discharged, striking Larry in the right arm. The intruders then fled and returned to Mack's house. Mack called 911 and told the police operator that Larry had been shot in a hunting accident. The recording of the 911 call also showed that Mack told Larry and Stahl to hide. The brothers' niece testified at trial that Larry had told her about his intention to rob the victim and that he had "hurt him pretty bad."

A jury found the brothers guilty of two counts each of burglary and one count each of armed robbery, aggravated assault, and felony possession of marijuana.[1] Larry Garland was also found guilty of possession of a firearm. Their motions for new trial were denied.

On appeal from either the denial of a motion for directed verdict of acquittal or a judgment of conviction, we view the evidence in the light most favorable to the jury's verdict, with the defendant no longer enjoying a presumption of innocence.[2] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3]

## Case No. A06A1697

Larry Garland argues that the evidence was insufficient to support the jury's verdict, that the trial court erred when it denied his motion for directed verdict, and that the court also erred when it denied his motion for substitution of new counsel for purposes of appeal. We disagree.

1. Here, the record included evidence that Larry Garland and Russell Stahl forcibly entered the victim's home with the intent of stealing marijuana from him, that Larry was armed at the time of the forcible entry, that he pointed a gun at the victim and demanded

---

[1] Larry does not appeal the sufficiency of the evidence as to the marijuana possession charge.

[2] *Williams v. State*, 237 Ga. App. 814, 815 (1) (515 SE2d 875) (1999).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

marijuana, and that he struck the victim in the head with a gun. This evidence was sufficient to sustain Larry's convictions on each of the crimes charged.[4]

2. At sentencing and again at the hearing on his motion for new trial, Larry asked the trial court to appoint new counsel for purposes of appeal. Although the trial court expressed concern that refusing the request would "stack[ ] the deck for a subsequent habeas [corpus proceeding]," it denied Larry's motion in conformity with the stated policy of the public defender's office not to appoint new counsel for purposes of appeal, a policy based on the absence of any statutory provision for such appointments.

"It is a well established rule that any allegation of a violation of the right to counsel should be made at the earliest practicable moment."[5] It follows that "[b]ecause an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness, claims of ineffective assistance of counsel are often properly raised for the first time in a habeas corpus petition."[6] The trial court did not err here when it deferred to the public defender's own policy not to appoint new counsel for purposes of appeal. Under such circumstances, Larry may raise his claim of ineffectiveness in a habeas corpus proceeding, which will be the first *practicable* even if not the first *possible* moment at which such a claim could be raised, without any fear that the claim will be held waived.[7]

## Case No. A06A1698

Mack Garland argues that the evidence that he was a party to the crimes was insufficient and that the trial court erred when it denied his request to recharge the jury, his motion to rule OCGA § 16-2-20 (b) (4) unconstitutional, and his motion for substitution of new counsel for purposes of appeal. We disagree.

3. Under OCGA § 16-2-20, "[e]very person concerned in the commission of a crime is a party thereto," and a person is so concerned if he "[i]ntentionally aids or abets in the commission of the crime" or "[i]ntentionally advises, encourages, hires, counsels, or procures

---

[4] See *Blocker v. State*, 265 Ga. App. 846, 848-849 (2), 851-852 (5) (595 SE2d 654) (2004) (evidence sufficient to sustain conviction for armed robbery, aggravated assault, and possession of a firearm during commission of a felony).

[5] (Citation omitted.) *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991).

[6] Id.

[7] See *Martin v. Astudillo*, 280 Ga. 295, 296-297 (627 SE2d 34) (2006) (voiding habeas court's order remanding ineffective assistance claim not raised in motion for new trial to superior court, and remanding the claim to habeas court instead); compare *White*, supra at 33 (affirming conviction where appellate counsel did not raise claim of ineffectiveness in a motion for new trial or on direct appeal).

another to commit the crime." Criminal intent may be inferred by a defendant's conduct before, during and after the commission of the crime.[8] Further, OCGA § 16-2-20 renders even a person not directly involved in the commission of the crime guilty of that crime as long as that person has conspired with others to commit it.[9]

Here, the evidence showed that Mack knew that the victim had at least seven ounces of marijuana on December 10, 2003, and that he suggested robbing the victim for that reason. Mack also confirmed to his brother and Stahl that the car parked in front of the victim's house did indeed belong to him, attempted to cover up the immediately ensuing burglary and its attendant injuries by telling the 911 operator that his brother had been shot in a hunting accident, and told his brother and Stahl to hide. This evidence was sufficient to sustain Mack's convictions.[10]

4. "Where a jury, which has been fully and properly charged, requests a recharge on a specific question, it is within the discretion of the trial court whether to recharge entirely or to recharge only on the specific question."[11] A trial court does not err when it recharges only on a specific question as long as the recharge "taken alone does not leave an erroneous impression in the minds of the jury."[12]

The jury in this case asked to rehear the charges concerning the testimony of an accomplice and the definition of conspiracy.[13] Mack asked the trial court to recharge the jury on the concepts of parties to a crime and guilt by mere association. The trial court denied Mack's request, reminded the jury that "the charge has to be taken collectively as one body of law," and then proceeded to recharge accurately on accomplice testimony and conspiracy, the subjects of the jury's inquiry. The trial court did not abuse its discretion when it refused to recharge the jury as requested.[14]

5. Mack first attacked the constitutionality of OCGA § 16-2-20 in a so-called "extraordinary motion" filed after the jury had returned its verdict. Specifically, he argued that since the jury was charged on conspiracy under OCGA § 16-4-8.1, which provides for a sentence of

---

[8] *Culberson v. State*, 236 Ga. App. 482, 483 (512 SE2d 367) (1999).

[9] *Grant v. State*, 198 Ga. App. 357, 358-359 (1) (b) (401 SE2d 761) (1991).

[10] *Smith v. State*, 268 Ga. 42 (1) (485 SE2d 189) (1997) (sustaining conviction of former employee who provided accomplices with information concerning a planned robbery).

[11] (Citations omitted.) *Cloyd v. State*, 237 Ga. App. 608, 610 (3) (516 SE2d 103) (1999).

[12] (Citation and punctuation omitted.) Id.

[13] The jury also asked to read Stahl's testimony. The trial court refused, reminding the jury that the only way to recapitulate the testimony would be to listen to its three hours in full.

[14] *Cloyd*, supra.

one-half the maximum punishment of the convicted crime, a defendant indicted under a conspiracy theory alone might face only half the sentence that Mack does.

Constitutional attacks on the application of a statute to a particular set of facts must be made at, not after, trial, and we therefore deem this argument waived on appeal.[15] Mack was convicted of all the completed crimes with which he was charged, moreover, and not of conspiracy to commit any of them. All objections he might have had to the unfairness of that outcome, by comparison to others rejected by the factfinder, are moot.[16]

6. For the reasons given in Division 2 above, we hold that the trial court did not err when it refused to grant Mack's request for substitution of new counsel for purposes of appeal.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 19, 2007 —

*William W. Bond, Jr.,* for appellant (case no. A06A1697).
*Clark & Clark, David I. Clark,* for appellant (case no. A06A1698).
*Joe W. Hendricks, Jr., District Attorney,* for appellee.

---

[15] *Lewis v. State,* 279 Ga. 69, 70 (2) (608 SE2d 602) (2005) (constitutional objections not made at trial are waived on appeal even when raised in a motion for new trial); see also *Sharpe v. State,* 272 Ga. 684, 689 (7) (531 SE2d 84) (2000) (failure to raise constitutional challenge to OCGA § 16-2-20 at trial waives issue on appeal).

[16] See *Nation v. State,* 180 Ga. App. 460, 462-463 (6) (349 SE2d 479) (1986) (any alleged error concerning murder charge of which defendant was acquitted is moot).