S07G0940. GARLAND v. THE STATE.

(657 SE2d 842)

HUNSTEIN, Presiding Justice.

Mack Garland and his brother, Larry Garland, were tried together on charges of armed robbery and other crimes. Both men were found to be indigent and were appointed counsel to represent them.[1] They were convicted and both requested the appointment of new counsel in order to raise a claim of ineffective assistance of trial counsel on motion for new trial. The trial court denied the request on the basis of its understanding that it was the policy of the Georgia Public Defender Standards Council ("Council") not to authorize the appointment of new counsel for purposes of appeal. Thereafter, the

---

[1] The appointment of counsel to Mack Garland was made December 19, 2003; Larry Garland's counsel was appointed in June 2004.

Court of Appeals held as to Larry Garland that the trial court "did not err here when it deferred to the public defender's own policy not to appoint new counsel for purposes of appeal," *Garland v. State*, 283 Ga. App. 622, 624 (2) (642 SE2d 320) (2007); it then applied that ruling to Mack Garland. Id. at 626 (6). We granted Mack Garland's petition for writ of certiorari to address the propriety of this ruling. We now hold that the trial court erred by denying appellant's request for appointment of new counsel for purposes of appeal and accordingly reverse the decision of the Court of Appeals.

Appellant is entitled under the United States and Georgia Constitutions to effective assistance of counsel at trial. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783-784 (1) (325 SE2d 362) (1985). See also *Cuyler v. Sullivan*, 446 U. S. 335, 343 (III) (100 SC 1708, 64 LE2d 333) (1980) ("[u]nless a defendant charged with a serious offense has counsel able to invoke the procedural and substantive safeguards that distinguish our system of justice, a serious risk of injustice infects the trial itself. [Cits.]"). Appellant's right to effective assistance of counsel extends to a direct appeal from his criminal conviction. *Evitts v. Lucey*, 469 U. S. 387 (II) (A) (105 SC 830, 83 LE2d 821) (1985). Because appellant was found to lack the financial resources to retain counsel, the State was required to provide counsel for his trial, *Gideon v. Wainwright*, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963), and for his first appeal as a matter of right. *Douglas v. California*, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963). Appointed counsel, no less than retained counsel, is required to provide effective assistance. *Cuyler v. Sullivan*, supra at 344-345 (III). Effective counsel is counsel free from conflicts of interest. *Wood v. Georgia*, 450 U. S. 261, 271 (101 SC 1097, 67 LE2d 220) (1981).

Under well established Georgia law, appellant was required to raise any issue of ineffective assistance of trial counsel at the earliest practicable moment to avoid it being deemed waived. E.g., *Trauth v. State*, 283 Ga. 141 (3) (657 SE2d 225) (2008); *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994); *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922) (1991); *Lloyd v. State*, 258 Ga. 645, n. 1 (373 SE2d 1) (1988); *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986). This requirement that an ineffectiveness claim be made at the earliest practicable moment " 'is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and the public . . . .' [Cit.]" *Hood v. State*, 282 Ga. 462, 462-463 (651 SE2d 88) (2007). By "earliest practicable moment," we mean that the ineffectiveness claim must "be raised *before appeal* if the opportunity to do so is available." (Emphasis in original.) *Glover v. State*, 266 Ga. 183, 184 (465 SE2d 659) (1996).

However, appellant's trial counsel could not reasonably be expected to assert or argue his own ineffectiveness on appeal. *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991). See also *Hood v. State*, supra, 282 Ga. at 463 ("a lawyer may not ethically present a claim that he/she provided a client with ineffective assistance of counsel"). Counsel prosecuting an ineffective assistance claim must be free to operate independently of the attorney whose performance is in question. *Chatman v. Mancill*, 280 Ga. 253 (1) (626 SE2d 102) (2006); *Davis v. Turpin*, 273 Ga. 244 (3) (b) (539 SE2d 129) (2000).[2]

Appellant does not have the right to be represented by counsel and also to represent himself. *Johnson v. State*, 266 Ga. 775 (9) (470 SE2d 637) (1996). Accordingly, appellant could not assert a pro se claim of ineffective assistance while represented by counsel. Id. Hence, appellant's trial counsel appropriately raised this issue on behalf of his client and then sought, consistent with our holding in *White v. Kelso*, supra, to be removed from representing appellant. Accord *Hood v. State*, supra, 282 Ga. at 463 ("a claim of ineffective assistance of trial counsel cannot be pursued unless trial counsel is no longer representing the convicted defendant"). Appellant's ensuing request that conflict-free counsel be appointed to represent him was necessarily predicated on his constitutional right to effective counsel on appeal. We need not decide whether the trial court, in denying appellant's request, correctly comprehended the policies of the Council regarding appointment of conflict counsel because the Constitutions of the United States and Georgia, not the Council's policies, are the governing authority here. We hold that appellant was entitled to representation on appeal by effective, i.e., conflict-free, counsel as a matter of constitutional law.

The State asserts that trial courts are under no obligation to appoint substitute counsel to raise an ineffectiveness claim against trial counsel until an indigent defendant such as appellant shows that there exists some potential merit to the claim.[3] However, it is readily apparent that no such threshold showing of potential merit is required of defendants represented by retained counsel. Imposition

---

[2] Georgia law has thus decisively rejected the position taken by the Council in its amicus brief that trial counsel is not only competent to evaluate the ineffectiveness of his/her own performance, but is "actually in a superior position to do so."

[3] In addressing this argument we assume, arguendo, that it was not waived by the State's affirmative statements to the trial court disavowing the State's interest in appellant's request for new counsel. In this regard, the transcripts of both the sentencing hearing and the motion for new trial hearing reflect that, when queried by the trial court, the assistant district attorney made the same colloquial comment, namely, that the prosecution did not "have a dog in the fight."

of this threshold requirement is thus based solely on the financial status of the defendant and creates an invidious distinction between rich and poor.

> "One of the principles on which this government was founded is that of equality of right, and this principle is emphasized in the equal protection clause of the Fourteenth Amendment. The Constitution of the United States is no respecter of the financial status of persons, and rich and poor are to be accorded equal rights under it." [Cit.]

*State of Georgia v. Sanks*, 225 Ga. 88, 90 (166 SE2d 19) (1969). "[W]here the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel [in a state criminal case], we think an unconstitutional line has been drawn between rich and poor" that violates the Fourteenth Amendment. (Emphasis omitted.) *Douglas v. California*, supra, 372 U. S. at 357. Further, the threshold requirement would compel indigent defendants to proceed without benefit of counsel, inasmuch as trial counsel could not ethically assert or argue their own ineffectiveness, *Hood v. State*, supra, 282 Ga. at 463, thereby placing on pro se indigent defendants the burden of proving the existence of a meritorious ineffectiveness claim in order to "earn" what they have a constitutional right to receive, namely, representation by conflict-free counsel. The indigent defendant would thus be compelled on his own "to examine the record, research the law and marshal the arguments" to meet the threshold despite our acknowledgment "that they cannot do these very things for themselves." *Reid v. State*, 235 Ga. 378, 381 (1) (219 SE2d 740) (1975).

The State also argues, as did the dissent in *Kennebrew v. State*, 267 Ga. 400, 408 (480 SE2d 1) (1996) (Carley, J., dissenting), that because appointment of new counsel is a matter addressed to the trial court's discretion, appellant could not establish an abuse of that discretion unless he made an initial showing to the trial court that his allegations of trial counsel's ineffectiveness were potentially meritorious. In *Kennebrew*, the dissent relied on cases that involved situations where a defendant sought to replace appointed counsel on claims of ineffectiveness prior to the defendant's conviction on any charges. See *Bailey v. State*, 240 Ga. 112 (1) (239 SE2d 521) (1977); *Heard v. State*, 173 Ga. App. 543 (1) (327 SE2d 767) (1985). We held in those cases that, when a defendant sought new counsel on the basis that current counsel was ineffective, the trial court should conduct a hearing and make adequate inquiry to determine if there was a basis for the defendant's dissatisfaction. Because such claims are raised before a jury has considered the evidence and rendered a verdict, however, the defendant faces a difficult, if not impossible, task in

establishing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," *Strickland v. Washington*, supra, 466 U. S. at 687 (III), so as to ultimately prevail on any claim of ineffective assistance of counsel. Under these circumstances, a pre-trial inquiry into an ineffectiveness claim is reasonably designed to weigh the legitimacy of a defendant's request for new counsel against the possibility that the request is merely a subterfuge designed to " 'obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.' [Cits.]" *United States v. Morrissey*, 461 F2d 666, 669 (I) (2d Cir. 1972) (cited by *Bailey*, supra at 115 (1)). In a post-conviction situation, however, the legitimacy of a request for appointment of new counsel is per se established, in that trial counsel cannot reasonably or ethically be expected to assert or argue his or her own ineffectiveness, *Hood v. State*, *White v. Kelso*, supra, and the request neither obstructs court procedure nor interferes with the fair administration of justice but rather promotes the prompt resolution of ineffectiveness claims before the judge who presided over the trial, consistent with this Court's policy of affording initial review of such claims by the trial court. *Hood v. State*, supra, 282 Ga. at 463. Accordingly, under Georgia law, the reason for the requested change of counsel is not "insubstantial," *Morrissey*, supra at 670, and we reject the position that new counsel should not be appointed without an initial showing that an ineffectiveness claim has potential merit.[4]

Appellant was constitutionally entitled to the appointment of conflict-free counsel to represent him on appeal. We therefore reverse the decision of the Court of Appeals and remand the case for the trial court to consider appellant's allegation of ineffective assistance under the representation of new counsel.[5]

*Judgment reversed and case remanded with direction. All the Justices concur.*

---

[4] The dissent in *Kennebrew* also references an Illinois opinion. While we recognize that the courts in Illinois place the burden on pro se defendants to recognize and raise attorney error in order to warrant the appointment of new counsel so as to raise the issue on direct appeal, e.g., *Illinois v. Moore*, 797 NE2d 631 (Ill. 2003), we also take notice of the fact that Illinois, unlike Georgia, authorizes the appointment of counsel to assist indigent criminal defendants in asserting meritorious habeas corpus attacks. E.g., *Illinois v. Porter*, 521 NE2d 1158, 1159 (Ill. 1988). Furthermore, in deciding whether a post conviction petition has merit, the Illinois Supreme Court has stressed that the threshold is low because the petitions are drafted by persons with little legal knowledge and thus the petitioner need not make legal arguments or cite to legal authority, id., and "need only present a limited amount of detail" in the petition. *Illinois v. Gaultney*, 675 NE2d 102, 106 (Ill. 1996).

[5] In light of the constitutional rights involved, we find no merit in the Council's policy arguments, e.g., the need for trial lawyers to gain appellate experience, or in its budgetary concerns that it raises as warranting a different holding.

DECIDED FEBRUARY 25, 2008.

*Clark & Clark, David I. Clark*, for appellant.

*Joe Wayne Hendricks, Jr., District Attorney, Keith M. Galligan, Assistant District Attorney*, for appellee.

*Gerard B. Kleinrock, James C. Bonner, Jr., Carl P. Greenberg*, amici curiae.