### A11A0431. GARLAND v. THE STATE.

(714 SE2d 707)

PHIPPS, Presiding Judge.

Convicted of numerous offenses, Mack Garland raises claims concerning trial counsel ineffectiveness, evidentiary sufficiency, and merging of counts for sentencing purposes. We find merit in only the merger claim, and thus affirm in part, vacate in part, and remand the case for resentencing.

For purposes here, the trial evidence can be summarized as follows. On December 10, 2003, two men broke into a residence and demanded at gunpoint drugs from the homeowner, an admitted marijuana dealer. During the encounter, one of the intruders used a gun to strike the homeowner about the head. The homeowner was able to grab his own gun and shoot the other intruder. Both intruders then fled the scene, without having obtained the marijuana they had demanded.

In connection therewith, three men were indicted. One of them, Russell Stahl, entered guilty pleas to several charges in exchange for his testimony about the incident. Accordingly, at trial, Stahl testified that he and Garland's brother were the intruders, and that although Garland had not gone to the residence with them, he had plotted and then helped cover up the attempted marijuana heist. The state presented additional evidence to corroborate Stahl's account. Neither Garland nor his co-defendant (Garland's brother) testified.

The jury found Garland guilty as charged in five counts. After counts were merged, Garland was sentenced on counts of burglary, attempted armed robbery, aggravated assault, and attempted possession of marijuana. This court affirmed the judgment of conviction,[1] rejecting, inter alia, Garland's contention that the trial court had

---

[1] *Garland v. State*, 283 Ga. App. 622 (642 SE2d 320) (2007).

erred in refusing to appoint new appellate counsel.[2] (The record shows that Garland had expressed to the trial court that he anticipated pursuing on appeal a contention that his trial counsel had been ineffective.)

"On writ of certiorari, the Supreme Court of Georgia reversed this portion of our decision, holding that Garland was 'constitutionally entitled to the appointment of conflict-free counsel to represent him on appeal.' "[3] The Supreme Court thus remanded "the case for the trial court to consider [Garland's] allegation of ineffective assistance under the representation of new counsel."[4] In accordance therewith, this court adopted the Supreme Court's opinion and remanded the case for further proceedings.[5]

On remand to the trial court, Garland was appointed new counsel to pursue issues of ineffective assistance of counsel, and he filed an amended motion for new trial. After a hearing, the trial court denied that motion. He appeals therefrom.

1. Garland maintains that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel,

> a defendant must establish, pursuant to *Strickland v. Washington*,[6] that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. . . . In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review a trial court's legal conclusions de novo.[7]

We need not address both components of the *Strickland* test if the showing on one is insufficient, nor must we address the components in any particular order.[8] Garland complains that his trial lawyer did not object to various jury instructions.

(a) Citing *Eckman v. State*,[9] Garland claims that the pattern jury charge on knowledge given by the trial court misstated the law, because a portion of it was stated in the conjunctive rather than the

---

[2] Id. at 626 (6).

[3] *Garland v. State*, 292 Ga. App. 332 (665 SE2d 369) (2008), quoting *Garland v. State*, 283 Ga. 201, 205 (657 SE2d 842) (2008). See generally *Shadix v. Carroll County*, 274 Ga. 560, 562-564 (1) (554 SE2d 465) (2001).

[4] *Garland*, supra, 283 Ga. at 205.

[5] *Garland*, supra, 292 Ga. App. at 332.

[6] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[7] *Espinosa v. State*, 285 Ga. App. 69, 72 (2) (645 SE2d 529) (2007) (footnotes omitted).

[8] *Strickland*, supra at 697 (IV).

[9] 274 Ga. 63, 66-68 (3) (a) (548 SE2d 310) (2001).

disjunctive. According to Garland, the instruction was misleading in that it instructed the jury that it could acquit him only if the evidence showed that *neither he nor his co-defendant* had knowledge of the crimes and that *neither he nor his co-defendant* committed the crimes.

We review the final charge as a whole to determine whether trial counsel's failure to object to the contested portions of the knowledge instruction constituted reversible error.[10] Here, the jurors were adequately informed that the state had the burden of proving each charge of the indictment beyond a reasonable doubt. The jurors were specifically informed that knowledge on the part of the defendant that a crime or crimes were being committed and that the defendant knowingly and intentionally participated in or helped in the commission of such crime or crimes must be proved by the state beyond a reasonable doubt. The jurors were instructed to consider separately each charge in the indictment, that the guilt of one defendant was not a finding of guilt as to the other, and that the jury had the duty to acquit Garland if the state failed to prove his guilt beyond a reasonable doubt. Moreover, the court explained to the jurors that two verdict forms — one for Garland and a separate one for his co-defendant — were being provided to them, pointing out that there were five counts against Garland and six counts against his co-defendant. Further, the court informed the jurors that the charges set forth on the verdict forms corresponded to the indictment, which was also given to the jurors for purposes of deliberations. Given those circumstances, we find no deficient performance.[11]

(b) Garland asserts that his trial counsel failed to object to a violation of OCGA § 17-8-57. Pursuant to that Code section: "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." Garland cites a sentence within the portion of the final charge that instructed the jurors on accomplice testimony.

As the Supreme Court of Georgia instructed in cases such as *Sedlak v. State*,[12] in determining whether an excerpt from a final

---

[10] Id. at 67-68 (3) (a).

[11] See id. (rejecting contention that the pattern jury charge given by the trial court on knowledge erroneously charged in the conjunctive rather than the disjunctive was reversible error); see also *Berry v. State*, 267 Ga. 476, 480 (4) (e) (480 SE2d 32) (1997) (rejecting claim that counsel was ineffective for not objecting to court's joint references to him and co-defendant, where court clearly instructed the jury about its duty to consider each charge in the indictment against each defendant separately and that the guilt of one defendant was not a finding of guilt as to the other).

[12] 275 Ga. 746, 749 (2) (d) (571 SE2d 721) (2002); see also, e.g., *Jones v. State*, 268 Ga. 12, 15 (5) (483 SE2d 871) (1997).

charge violated OCGA § 17-8-57, we must review the charge as a whole. And in *Patel v. State*,[13] the Supreme Court of Georgia recognized that in "those instances in which a technical violation of OCGA § 17-8-57 occurs in the giving of a jury charge, when the charge does not otherwise assume certain things as facts and intimate to the jury what the judge believes the evidence to be, the giving of additional or curative instructions may suffice to correct the error."[14]

Here, the jury instructions given on accomplice testimony tracked the standard pattern jury instruction.[15] And the complained-of language adequately instructed the jurors that each of the defendants had been charged with multiple counts and they (the jurors) were to consider each count independently in assessing whether evidence corroborating the testimony of a single witness was required. Even assuming that the cited language, in isolation, could be viewed as a "technical violation," it is clear that the charge did not otherwise assume things as facts and intimate to the jury what the judge believed the evidence to be; therefore, the additional instructions concerning accomplice testimony corrected any error.[16] Given those circumstances, trial counsel's failure to object was not deficient performance.[17]

(c) Garland complains that his trial counsel did not object when the trial court rejected his request for a jury instruction on impeach-

---

[13] 282 Ga. 412 (651 SE2d 55) (2007).

[14] Id. at 415 (2), n. 5 (citation omitted).

[15] See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2005), § 1.31.90. See also *Hargett v. State*, 285 Ga. 82, 87-88 (4) (674 SE2d 261) (2009) (rejecting appellants' assertion that the trial court violated OCGA § 17-8-57 merely by giving the jury the standard pattern jury instruction); *Haney v. State*, 261 Ga. App. 136, 141-142 (6) (581 SE2d 626) (2003) (instruction taken directly from the Council of Superior Court Judges, Suggested Pattern Jury Instructions, which instruction accurately stated the law, could not be construed as an impermissible judicial comment on the evidence in violation of OCGA § 17-8-57); see generally *Sauerwein v. State*, 280 Ga. 438, 440 (2) (629 SE2d 235) (2006) (warning trial courts to avoid making certain remarks in order to diligently avoid any appearance of partiality).

[16] See *Patel*, supra.

[17] See id.; *Sims v. State*, 266 Ga. 417, 419 (2) (467 SE2d 574) (1996) (finding no harmful error in claim that trial court impermissibly expressed an opinion concerning the evidence in violation of OCGA § 17-8-57, when, during course of a jury instruction on the law applicable to the uncorroborated testimony of an accomplice, the court referred to co-indictee, who had pled guilty, then testified against defendant, as an accomplice, where court followed with complete and correct instructions); *Hargett*, supra; *Haney*, supra; see also *Morris v. State*, 280 Ga. 184, 186 (2) (c) (625 SE2d 391) (2006) (rejecting argument that counsel performed deficiently for not objecting, when trial court referred to the other participants as "victims"; context of the reference showed that court did not impermissibly express an opinion concerning the evidence when it used the reference); *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986) (irrespective of whether "slayer" connotes malice when considered in isolation, trial judge's use of that word, when considered within context, did not constitute an opinion concerning the evidence so as to violate OCGA § 17-8-57).

ment by prior felony conviction. Garland points to evidence that the state's witness Stahl was a convicted felon.

At the charge conference, the trial court accepted the prosecutor's argument that the instruction was not authorized because certified copies of Stahl's convictions had not been put in evidence. Such evidence had not been introduced at trial, Garland's trial counsel explained at the new trial hearing, for the strategic purpose of preserving the right to conclude arguments.[18] Moreover, the attorney recalled, the jury was apprised of Stahl's several prior felony convictions, as well as the plea deal under which he was then testifying. In addition, the attorney testified, he had determined that the jury instructions that would be given would adequately explain witness impeachment to the jurors.

As Garland correctly argues, "testimony regarding prior convictions is sufficient, in the absence of an objection, to justify the giving of a charge on impeachment by conviction."[19] And because there was such testimony about Stahl's prior felony convictions, the requested instruction was authorized.

An instruction on impeachment must be read in conjunction with the entire final charge.[20] Here, the court fully charged the jurors on credibility, describing various factors that could be considered in assessing credibility, such as motives and pending negotiated plea deals, as well as the witness's personal credibility insofar as it may have been shown in their presence and by the evidence. The court also charged on witness impeachment, instructing that a witness may be impeached by disproving the facts to which he had testified and by proof of contradictory statements.

Moreover, Stahl readily acknowledged on the stand that he was testifying as part of a negotiated plea deal that disposed of not only multiple charges in connection with his participation in the incident underlying this case, but also unrelated charges of aggravated assault. Additionally, Stahl admitted that he previously had been convicted of other charges of burglary, criminal damage to property,

---

[18] At the time of Garland's trial in February 2005, the introduction of a certified copy of a witness's impeaching conviction, where the defendant had introduced no other evidence, would have resulted in defense counsel losing the right to make the final closing argument, see former OCGA § 17-8-71, and it was considered a reasonable defense strategy to avoid introducing evidence to preserve that right. See *Adams v. State*, 283 Ga. 298, 301 (3) (d) (658 SE2d 627) (2008); *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999) (recognizing that the right to opening and closing argument is a valuable right, and preserving same is a reasonable strategy).

[19] *Carter v. State*, 272 Ga. 31-32 (2) (526 SE2d 855) (2000) (footnote omitted) (where state did not object to testimony regarding witness's conviction, such testimony regarding the conviction was properly in evidence, and the trial court erred in refusing to give requested instruction on impeachment by conviction).

[20] *Berry*, supra at 480 (4) (c).

theft by taking, and possession of drugs by an inmate in jail. "Under such circumstances, the jury was already fully aware of the disreputable character of [Stahl] by virtue of [his] own testimony on the stand."[21] We cannot conclude that a reasonable probability exists that, but for trial counsel's failure to object to the refusal to give a jury charge on impeachment by prior felony conviction, the result of the proceeding would have been any different.[22]

2. Garland contests the sufficiency of the evidence, but in the first appearance of this case before this court, we held that the "evidence was sufficient to sustain [Garland's] convictions."[23] Thereafter, because the Supreme Court remanded this case solely for the trial court to resolve the claim of effective assistance of trial counsel,[24] this (second) challenge to the evidentiary sufficiency may not be considered in this proceeding.[25]

3. Garland contends that the aggravated assault count should have been merged under OCGA § 16-1-6 into the attempted armed robbery count. In accordance with *Mikell v. State*,[26] consideration of this contention is "required even though appellant failed to raise the claim in the trial court, or to challenge the sentence for aggravated assault on appeal"[27] when the case was first before this court.[28]

The indictment alleged that aggravated assault had been committed by "an assault upon [the homeowner], with a certain firearm, a deadly weapon." Another count in the indictment alleged that Garland, with the intent to commit armed robbery, attempted to take marijuana from the homeowner "by use of an offensive weapon," a gun, asserting further that Garland had performed acts constituting

---

[21] *Hinely v. State*, 275 Ga. 777, 781 (2) (c) (573 SE2d 66) (2002) (citation and punctuation omitted); *Ross v. State*, 231 Ga. App. 793, 798 (6) (499 SE2d 642) (1998).

[22] See *Hinely*, supra (finding no reasonable probability that, but for trial counsel's failure to impeach a witness with certified copy of felony conviction, the result of the proceeding would have been different); *Ross*, supra (same).

[23] *Garland*, supra, 283 Ga. App. at 625 (3) (footnote omitted).

[24] *Garland*, supra, 283 Ga. at 201-205; *Garland*, supra, 292 Ga. App. at 332.

[25] See *Hammond v. State*, 264 Ga. 879, 887 (10) (452 SE2d 745) (1995) (where case was remanded to trial court solely to resolve issue of ineffective assistance of counsel, additional issues raised could not be considered in an appeal from the judgment on remand). See also *Kennebrew v. State*, 267 Ga. 400, 402 (2) (480 SE2d 1) (1996) (on direct appeal from judgment of conviction, holding that trial court erred in addressing merits of appellant's motion for new trial on the issue of ineffective assistance of trial counsel without first appointing new counsel and thereupon striking that portion of the judgment and remanding for the trial court to consider allegation of ineffective assistance under representation of new counsel, but nevertheless proceeding to consider merits of appellant's contentions raised in direct appeal from judgment of conviction).

[26] 286 Ga. 722 (690 SE2d 858) (2010). But cf. *Felix v. State*, 271 Ga. 534, 539, n. 6 (523 SE2d 1) (1999) (disallowing use of brief to expand the enumeration of errors).

[27] *Mikell*, supra at 725 (3) (citations omitted).

[28] *Garland*, supra, 283 Ga. App. at 622.

a substantial step toward commission of armed robbery: breaking into a residence, "pull[ing]" a firearm, and demanding drugs.

In *Drinkard v. Walker*,[29] the Supreme Court of Georgia adopted the "required evidence" test for determining when one offense is included in another under OCGA § 16-1-6 (1).[30] "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[31]

Applying this test, we find that the aggravated assault count should have been merged into the attempted armed robbery count. Although the attempted armed robbery statutory provision required proof of a substantial step of a taking,[32] which was not a required showing under the applicable aggravated assault provision,[33] the latter provision did not require proof of any fact that was not also required to prove the attempted armed robbery, as that offense could have been proved under the indictment in this case.[34] "Those convictions and the sentences entered for them must be vacated and the case remanded to the trial court for resentencing."[35]

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Andrews and McFadden, JJ., concur.*

DECIDED JULY 14, 2011.

*Jimmonique R. S. Rodgers*, for appellant.
*Joe W. Hendricks, Jr., District Attorney*, for appellee.

---

[29] 281 Ga. 211 (636 SE2d 530) (2006).

[30] Id. at 214.

[31] Id. at 215 (punctuation and footnote omitted).

[32] OCGA §§ 16-8-41 (a) (person commits armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon); 16-4-1 (person commits criminal attempt when, with the intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime).

[33] OCGA § 16-5-21 (a) (2) (person commits aggravated assault when he or she assaults with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury).

[34] See *Long v. State*, 287 Ga. 886, 889 (2) (700 SE2d 399) (2010) ("there is no element of aggravated assault with a deadly weapon that is not contained in armed robbery"; aggravated assault by striking victim with gun merged into armed robbery of victim); see also *Lucky v. State*, 286 Ga. 478, 481-482 (2) (689 SE2d 825) (2010).

[35] See *Long*, supra (footnote omitted).