# Court of Appeals
# of the State of Georgia

ATLANTA, June 13, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1123. PERCHELLI v. THE STATE.**

Appellant Clyde Perchelli filed a Motion to Remand Case to Superior Court in order to conduct an evidentiary hearing on the issue of ineffective assistance of trial counsel. Perchelli was represented by Attorney Dan Ripper when he entered a guilty plea to four counts of aggravated assault one count of conspiracy to commit armed robbery. Attorney Ripper subsequently filed a Notice of Appeal on Perchelli's behalf. Perchelli subsequently filed a pro se amended notice of appeal. The record contains no indication that Ripper withdrew from representing Perchelli or that another attorney entered an appearance on his behalf prior to the filing of the appeal. Perchelli, now represented by new counsel, seeks to raise a claim asserting the ineffectiveness of Ripper, his trial counsel on appeal.

Under well established Georgia law, appellant was required to raise any issue of ineffective assistance of trial counsel at the earliest practicable moment to avoid it being deemed waived. This requirement that an ineffectiveness claim be made at the earliest practicable moment is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and the public. By "earliest practicable moment," we mean that the ineffectiveness claim must be raised before appeal if the opportunity to do so is available. However, appellant's trial counsel could not reasonably be expected to assert or argue his own ineffectiveness on appeal. Counsel prosecuting an ineffective assistance

claim must be free to operate independently of the attorney whose performance is in question.

(Citations and punctuation omitted.) *Garland v. State*, 283 Ga. 201, 202-203 (657 SE2d 842) (2008). Because this appeal represents Perchelli's first reasonable opportunity to raise the issue, we hereby Grant Perchelli's motion to remand the case for a hearing on Perchelli's ineffectiveness claim.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/13/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*