**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 11, 2021**

# In the Court of Appeals of Georgia

A20A1680. KITTRELL v. THE STATE.                    MA-059C

MARKLE, Judge.

Following a jury trial, Martin Kittrell was convicted of armed robbery and possession of a firearm during commission of a felony. He now appeals from the denial of his motion for new trial, arguing that he received ineffective assistance of counsel due to trial counsel's failure to (1) request a jury instruction on impeachment based on the testimony of Kittrell's former cell-mate, and (2) object to the prosecutor's statement during closing argument that an innocent man would not have considered a plea deal. Because we conclude that Kittrell has not shown prejudice from the failure to request the jury instruction, and there is no transcript that would enable our review of the closing argument, we affirm.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence showed that early one evening in November 2015, Kittrell entered a Pizza Hut in Lithia Springs, pointed a gun at the manager, and demanded the money from the register. The manager opened the register and placed the drawer on the counter where it was within Kittrell's reach. Kittrell grabbed approximately $174, fled from the store, and got into a silver car driven by an unknown man. The manager and another employee called 911, and each described the robber to police. Both later selected Kittrell from a photo line-up at the police station.

Thereafter, Kittrell was indicted for armed robbery and possession of a firearm during the commission of a felony. At trial, the manager described the robber's age, weight, and clothing.[1] The other employee who was present during the robbery gave a slightly different description in her testimony, but identified Kittrell in court as the robber.

Once the investigation led them to Kittrell, police obtained a search warrant for Kittrell's car, which was a silver sedan, and found a key to a room at the nearby hotel.

---

[1] Trial counsel brought out discrepancies between the witness's description and Kittrell's appearance during cross examination.

They later learned that Kittrell was staying at the hotel with two friends, including one believed to be the driver of the sedan.

A few months later, police received information from David Martin, an inmate who had shared a cell with Kittrell. Martin spoke with investigators and informed them that Kittrell had admitted involvement in the Pizza Hut robbery, and he gave several details to corroborate his claim.[2] Martin testified against Kittrell at trial, recounting Kittrell's admissions. At the time of his testimony, Martin was still incarcerated.

The State also submitted numerous recordings of Kittrell's jail house phone calls. In one of these calls between Kittrell and his mother, Kittrell discussed his willingness to take a plea offer and said that he would testify against the driver in exchange for a reduction in charges. Kittrell did not testify.

During closing argument, which was not transcribed, the prosecutor allegedly stated that Kittrell had discussed taking a plea deal in those jail house phone calls, and that an innocent man would not consider taking a plea. After the jury began its deliberations, Kittrell objected to the reference to the jail house tapes. The jury

---

[2] A recording of the interview was admitted into evidence and played for the jury. There was also a second interview, for which the prosecutor was present, and this interview was also admitted into evidence and played for the jury.

3

convicted Kittrell of both counts, and the trial court sentenced him to twenty years to serve on the armed robbery conviction, and a consecutive five years on the firearm charge.

Kittrell filed a motion for new trial, alleging, as is relevant to this appeal, that he received ineffective assistance of counsel due to counsel's failure to (1) request a jury instruction on impeachment of a witness based on a prior conviction, and (2) object to the prosecutor's statement in closing argument that an innocent man would not consider pleading guilty.

Following a hearing, at which trial counsel and Kittrell testified, the trial court denied the motion. Specifically, the trial court found that there was no prejudice from the failure to request a specific jury instruction because Martin testified in prison clothes and admitted on the stand that he was incarcerated; the jury was instructed generally about impeachment; and Martin's plea and sentence were admitted into evidence. With regard to the closing argument, the trial court found that there was no prejudice given the strength of the evidence against Kittrell and counsel's experience

trying cases, and the instructions given to the jury cured any problem. Kittrell now appeals, raising these two grounds of ineffective assistance of counsel.[3]

> To succeed on a claim that counsel was constitutionally ineffective, [Kittrell] must show both that his attorney's performance was deficient, and that he was prejudiced as a result. Under the first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms. And under the second prong, prejudice is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Failure to satisfy either prong of the . . . test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong. And although both the performance and prejudice components of an ineffectiveness inquiry involve mixed questions of law and fact, a trial court's factual findings made in the course of deciding an ineffective assistance of counsel claim will be affirmed by the reviewing court unless clearly erroneous.

---

[3] On February 5, 2020, Kittrell moved for reconsideration of the denial of his motion for new trial. It does not appear that the trial court ruled on this motion, and Kittrell filed his notice of appeal on February 10, 2020. Nevertheless, we have jurisdiction to consider the appeal. See *Serdula v. State*, 356 Ga. App. 94, 106-107 (2) (845 SE2d 362) (2020); *Moon v. State*, 288 Ga. 508, 517 (11) (705 SE2d 649) (2011) (trial court lacks jurisdiction to consider the judgment being appealed when appellant filed notice of appeal before trial court had ruled on motion for reconsideration).

5

(Citations and punctuation omitted.) *Green v. State*, 302 Ga. 816, 817-818 (2) (809 SE2d 738) (2018). With this standard in mind, we turn to Kittrell's two arguments on appeal.

1. In his first enumeration of error, Kittrell argues that he received ineffective assistance of counsel when trial counsel failed to request an impeachment instruction based on Martin's prior felony conviction. As to the deficiency prong, he notes that Martin was subject to impeachment under OCGA § 24-6-609 (a) (1) based on his prior conviction, and he contends that it was essential to impeach his credibility because Martin was a critical witness. He further contends that counsel's failure to request the pattern jury instruction was prejudicial given that the other evidence against him was not strong, especially when he did not match the description of the robber. And he asserts that the jury instructions as given did not otherwise include such an impeachment instruction. We are not persuaded.

Generally, a witness's prior convictions can be used to impeach a witness. See OCGA § 24-6-609 (a) (1); see also *Wakefield v. State*, 261 Ga. App. 474, 476 (1) (583 SE2d 155) (2003) (addressing impeachment under old Evidence Code). And, "it is reversible error for a trial judge to fail to charge the jury on impeachment by prior felony conviction when the witness involved presents the [S]tate's principal

6

testimony against the defendant." (Citation omitted.) *Wakefield*, 261 Ga. App. at 476 (1). See also Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2020), § 1.31.40.

Pretermitting whether counsel's performance was deficient in failing to request the pattern jury instruction on impeachment, Kittrell cannot show he was prejudiced as a result. We note that Martin testified that he was incarcerated, and, according to the trial court, he was dressed in prison clothes when he testified. Trial counsel extensively cross-examined Martin, giving the jury the opportunity to learn of his prior conviction and any possible bias or motivation for giving testimony against Kittrell. See *Clark v. State*, __ Ga. __ (2) (847 SE2d 160, 165-166 (2)) (2020). Additionally, the State submitted into evidence copies of Martin's plea and conviction. And, the trial court gave the jury general instructions on impeachment and witness credibility. See *Garland v. State*, 311 Ga. App. 7, 11-12 (1) (c) (714 SE2d 707) (2011) (finding no reasonable probability that outcome would have been different had trial court given jury charge on impeachment where the witness admitted having a conviction and jury was charged generally on impeachment and witness credibility); *Clark*, __ Ga. at __ (2) (847 SE2d at 165 (2)); cf. *Porras v. State*, 295 Ga. 412, 414-418 (2) (761 SE2d 6) (2014) (noting that it was error for the trial

court not to instruct jury on impeachment by prior felony conviction, but any error was harmless). Given our precedent, Kittrell has not shown that he was prejudiced by the failure to request the specific impeachment instruction.[4]

2. In his next enumeration of error, Kittrell asserts that he received ineffective assistance of counsel when trial counsel failed to object to the prosecutor's purported statement in closing argument that no innocent person would consider pleading guilty. He contends that, when this failure is considered along with counsel's failure to request the impeachment instruction, cumulative error exists. We cannot reach this issue, however.

Although the State initially conceded that Kittrell could satisfy the deficiency prong, in supplemental briefing it now disputes that any such statement was part of its closing argument. Importantly, closing argument was not transcribed. The State waived its initial closing and allegedly made the "no innocent man" statement during its rebuttal closing argument. Trial counsel did not object to the statements in closing argument at the time, and, in fact, did not lodge an objection until after the jury was

---

[4] The State disputes that Martin was a critical witness, asserting instead that the evidence against Kittrell was overwhelming. But regardless of whether Martin's testimony was critical, Kittrell cannot show prejudice given that Martin's prior convictions were placed before the jury, and the jury was given general instructions about credibility and impeachment. *Clark*, __ Ga. at ___ (2) (847 SE2d at 165 (2)).

charged and the jury requested to hear the recorded calls. At the hearing on the motion for new trial, both trial counsel and Kittrell testified that the prosecutor made a statement in closing argument to the effect of "why would an innocent man consider taking a plea deal?" In its order denying the motion for new trial, the trial court made no finding as to the content of the closing argument, and parties did not otherwise perfect the record to show that any such "innocent man" statement was made.

To counter the absence of a complete record, Kittrell proffers his attorney's argument that such a statement was made. But such circumstances are insufficient to establish the correctness of the record. See OCGA § 5-6-41 (d), (f), (g), (i); see also *Ney v. State*, 227 Ga. App. 496, 499 (3) (489 SE2d 509) (1997) (challenge to closing argument abandoned where party did not have closing argument transcribed and did not properly complete the record), disapproved of on other grounds by *State v. Burns*, 306 Ga. 117, 124 (2), n. 3 (829 SE2d 367) (2019); *Whitt v. State*, 215 Ga. App. 704, 707-708 (3) (452 SE2d 125) (1994) ("Outside testimony provides no material basis for reconstructing a transcript from recollection. The only means for reconstructing a transcript from recollection is via agreement of the parties or their counsel or independent recollection of the trial judge" and argument from counsel at the motion for new trial hearing is not sufficient.).

The burden was on Kittrell to complete the record, and he has not done so in a way that would enable our review. *Ney*, 227 Ga. App. at 499 (3). Notably, the record does not contain any stipulation from the State as to the content of its closing remarks or agreement as to the alleged language, nor does it include any ruling from the trial court on this issue. See also *State v. Nejad*, 286 Ga. 695, 697 (1) (690 SE2d 846) (2010) ("Georgia law authorizes a trial court to conduct a hearing when a party contends the transcript does not fully disclose what took place and to resolve the difference so as to make the record conform to the truth. Where the correctness of the record is called into question the matter is to be resolved by the trial court.") (citations and punctuation omitted). Because Kittrell has failed to complete the record consistent with the requirements of OCGA § 5-6-41, this issue has been abandoned.[5]

Accordingly, the trial court properly denied Kittrell's motion for new trial, and we affirm.

*Judgment affirmed. Reese, P. J., and Colvin, J., concur*.

---

[5] As to Kittrell's argument that we should consider the cumulative effect of these errors, we are not persuaded. Where a defendant has failed to show any error, he cannot show cumulative error. See *State v. Lane*, 308 Ga. 10, 15 (1), 21 (4) (838 SE2d 808) (2020) (applying cumulative error to claims arising from ineffective assistance of counsel); *Crider v. State*, 356 Ga. App. 36, 50 (4) (846 SE2d 205) (2020); *Showers v. State*, 353 Ga. App. 754, 761 (2) (d) (839 SE2d 245) (2020).