## A00A2028. BLAIR v. THE STATE.
(541 SE2d 120)

MIKELL, Judge.

A jury found Kenneth C. Blair guilty of three counts of entering an automobile with the intent to commit theft, OCGA § 16-8-18. The trial court denied his motion for new trial. On appeal, Blair argues that the evidence is insufficient because the testimony of his accomplice was not corroborated, as required in felony cases by OCGA § 24-4-8. We find that the state presented sufficient evidence to corroborate the accomplice's testimony and affirm Blair's conviction.

On appeal, this Court views the evidence in a light most favorable to the verdict; we determine evidence sufficiency and do not weigh the evidence or determine witness credibility. *Palmer v. State*, 243 Ga. App. 656 (533 SE2d 802) (2000). So viewed, the evidence shows that three "smash and grab" thefts occurred in the parking lots of three restaurants in Bibb County on August 22, 1998. The three victims each testified that after finishing their meals, they returned to their vehicles to find either a passenger's side or driver's side window smashed. Purses were taken from two of the vehicles, and a camera and tool set were stolen from a third vehicle. During that day, credit cards bearing the names of two of the victims were used to make unauthorized purchases at a nearby mall and gas station.

Security officers at the mall caught a woman later identified as Kathy Scott with some of the stolen credit cards. She gave the officers a description of Blair and his truck and disclosed the location in the mall parking lot where he awaited her. Based on this information, officers found Blair. Stolen goods, screwdrivers, and items obtained through the fraudulent use of stolen credit cards were discovered in his truck.

Scott was the state's key witness. She testified that she waited in the truck while Blair broke into all three vehicles utilizing a screwdriver. According to Scott, Blair removed the credit cards from the purses and threw the purses away. She and Blair then used the credit cards to buy gas, beer, and cigarettes at a gas station as well as merchandise at the mall. Scott further testified that they made two trips to the mall. Blair went with her the first time, and they bought jewelry, including a gold chain she saw him wearing at their joint arraignment. Finally, Scott testified that the state had promised her no leniency for her testimony, and that she was unaware at the time she pleaded guilty to three counts of financial transaction card fraud that she would be summoned to testify against Blair.

While the testimony of a single witness usually is sufficient to establish a fact, in order to sustain a felony conviction

based upon the testimony of an accomplice, there must be independent corroborating evidence which connects the accused to the crime. While such corroborating evidence must do more than merely "cast on the defendant a grave suspicion of (doubt)," it may consist entirely of circumstantial evidence, or evidence of an accused's conduct before and after the crime that infers he participated therein. The sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient.

(Footnotes omitted.) *Edmond v. State*, 267 Ga. 285, 287 (2) (476 SE2d 731) (1996). Here, Blair's unexplained recent possession of items stolen from the victims' vehicles, as well as his possession of screwdrivers used to break into the vehicles, is substantially more than the slight evidence needed to corroborate Scott's testimony. It follows that the trial court did not err in denying Blair's motion in limine to exclude the testimony of his accomplice. Finally, we hold that the evidence authorized the jury's finding that Blair was guilty, beyond a reasonable doubt, of entering an automobile with the intent to commit theft. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED OCTOBER 24, 2000.

*William D. Phillips*, for appellant.

*Charles H. Weston, District Attorney, Marci F. Goldman, Dorothy A. Vinson, Assistant District Attorneys*, for appellee.