## A05A1053. JOHNSON v. THE STATE.
(620 SE2d 433)

BERNES, Judge.

A Coffee County jury convicted Shelton Johnson of one count of theft by taking. Johnson appeals from the denial of his motion for a new trial, contending that there was insufficient evidence to convict him. We disagree and affirm.

When reviewing for sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Green v. State*, 244 Ga. App. 565-566 (1) (536 SE2d 240) (2000). "As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the factfinder's verdict." (Citation and punctuation omitted.) *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001).

Viewed in this light, the evidence adduced at trial shows that on the night of June 23, 2002, an off-duty Douglas County police detective observed a vehicle towing a bass boat away from the premises of Cindy's Country Store, where the boat had been for sale. Johnson was driving the vehicle, and he was accompanied by a passenger, co-defendant Anthony Tucker. At the time the vehicle pulled away with the bass boat, the store was closed, and the store owner was not on the premises. The detective decided to follow Johnson's vehicle and called 911.

When Johnson realized he was being followed, he increased the speed of the vehicle. Johnson crossed over some railroad tracks "at a high rate of speed," and then turned right. As he did so, the boat and the trailer to which the boat was attached broke loose and crashed into a nearby yard. A car chase involving Johnson, the detective and at least one marked patrol car then ensued. The chase ended when Johnson was blocked by police and forced to stop. Both Johnson and Tucker were taken into custody and placed under arrest.

At trial, the State presented several witnesses, including the off-duty detective, who testified concerning his observations at the convenience store and the ensuing chase, as well as the owner of the bass boat who testified that Johnson did not have authority to take the boat or trailer. Co-defendant Tucker, who pled guilty prior to trial, also testified. Tucker testified that Johnson and he had decided to steal the boat in order to strip it down and sell its parts, and that they had traveled together to the convenience store, where they hooked the boat and trailer to Johnson's vehicle before pulling away and being observed by the off-duty detective.

Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found Johnson guilty beyond a reasonable doubt of theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The testimony provided

by the off-duty detective, the owner of the stolen boat, and by Johnson's accomplice, Tucker, provided more than sufficient evidence upon which the jury could convict Johnson of the charged offense.

Johnson nevertheless argues there was insufficient evidence that he was "present" when the boat and trailer were stolen because the only evidence in this regard was the testimony of his accomplice Tucker "given under the pretext of motive and a plea bargain." Johnson's contentions plainly go to the credibility of Tucker and the weight afforded his testimony. This Court does not weigh the evidence or assess witness credibility, and we "will not second-guess what evidence the jury chose to believe [a]s long as there is some competent evidence on each element necessary to prove the state's case," as there clearly was here. (Footnotes omitted.) *Brown v. State*, 246 Ga. App. 517, 518 (1) (541 SE2d 112) (2000).

Moreover, Tucker's testimony regarding Johnson's *participation* in the theft was corroborated by evidence of Johnson's recent possession of the boat as well as his flight from the scene of the crime. See *Blair v. State*, 246 Ga. App. 533 (541 SE2d 120) (2000) (accomplice's testimony corroborated by defendant's unexplained recent possession of stolen items); *Davis v. State*, 154 Ga. App. 803, 804 (2) (269 SE2d 874) (1980) (accomplice's testimony corroborated by defendant's rapid flight from scene, which evinces awareness of guilt). Accordingly, Johnson's allegation of error is without merit.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED AUGUST 17, 2005.

*Keith B. Harkleroad*, for appellant.
*Richard E. Currie, District Attorney, Allen R. Knox, Kurt J. Martin, Assistant District Attorneys*, for appellee.