## S09A1484. BOYD v. THE STATE.

(686 SE2d 109)

HINES, Justice.

Jermaine Donald Boyd appeals his conviction for felony murder while in the commission of aggravated assault in connection with the death of his girlfriend's four-year-old son, Treymaine Berry. Boyd challenges the trial court's allowing the State to play a tape recording of a witness's statement as violative of *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), the trial court's alleged expression of opinion to the jury concerning the voluntariness of Boyd's in-custody recorded statement, and the trial court's refusal to charge the jury on involuntary manslaughter. For the reasons that follow, we affirm.[1]

The evidence construed in favor of the verdicts showed the following. On the night of January 10, 2004, Demetria Harris left her children, including her four-year-old son Treymaine, in the care of Boyd, with whom she lived and had a baby. When Harris returned home, she found Treymaine lying beside Boyd; the boy's head was swelling "like a water head." When Harris asked Boyd what had happened, Boyd started "yelling and screaming and hollering" and told her that Treymaine had fallen down steps in the apartment. Harris had witnessed Boyd discipline Treymaine before by "popping" him. Harris called 911, and rather than wait for the ambulance to arrive, Boyd left. He went to his aunt's apartment which abutted Harris's but did not tell her about Treymaine's condition; he asked

---

[1] The fatal assault on the child occurred on January 10, 2004. On March 30, 2004, a Richmond County grand jury indicted Boyd for malice murder and felony murder while in the commission of aggravated assault. Boyd was tried before a jury January 9-11, 2006; he was acquitted of malice murder but found guilty of felony murder. On January 11, 2006, he was sentenced to life in prison. A notice of appeal was filed on February 8, 2006, and the case was docketed in this Court on May 21, 2009. The appeal was submitted for decision on July 13, 2009.

for a cigarette and paced the floor. Treymaine was hospitalized and died from blunt force trauma to his brain.

Investigators found no blood or other biological evidence on the stairs inside the apartment. The severity of the little boy's injuries was inconsistent with a fall down a typical flight of residential stairs; the child had sustained at least 15 blows to the head, which were consistent with those inflicted in boxing. Boyd made varying statements to the police about how the child was injured. One version was that Boyd was not present when Treymaine fell down the stairs; another was that he had been spanking Treymaine for getting into a candy dish without permission when Treymaine ran away from him to the stairwell and fell down the stairs. At one point, Boyd stated that "he swung at [Treymaine] several times and may have hit him in the head with the non-buckle end of the belt one time, but definitely not more than one time."

1. The evidence was sufficient to enable a rational trier of fact to find Boyd guilty beyond a reasonable doubt of the felony murder of Treymaine Berry. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Boyd contends that the trial court erred by allowing the State to play for the jury a recorded statement of the victim's three-year-old brother in violation of *Crawford v. Washington*, supra.

During direct examination of an investigator in the case, the State asked about the investigator's interview with the victim's young brother, who was in the home at the time of the fatal incident. Without any defense objection on the basis of *Crawford*, the investigator testified that the interview with the young child was as unproductive as he expected because of the child's young age, and that in answer to his queries, the boy related that Treymaine went to the hospital and "something to the effect . . . he fell down the stairs and he went boom." On cross-examination of the investigator, defense counsel reiterated that the victim's young brother said "that [the victim] fell down the stairs and went boom." On redirect, the State asked to play the tape of the child's interview; defense counsel responded that while the defense would have had "absolutely no problem" with the tape being played on direct, it objected to it being played on redirect because the defense did not "see how [defense counsel] opened it up for them to play it on redirect." The State countered that the jury needed to hear for itself the three-year-old's responses so that it could assess the boy's understanding of and ability to respond to the questions. It was not until after the trial court ruled that it would allow the tape to be played for the jury, that the defense lodged an objection based upon *Crawford*.

Assuming the viability of Boyd's complaint of a *Crawford*

violation, it fails to provide him relief. A violation of the right of confrontation is considered harmless if it is shown that there is not a reasonable probability that it contributed to the verdict; a *Crawford* violation is harmless if the hearsay at issue is cumulative of other evidence or if the evidence against the defendant is overwhelming. *Treadwell v. State*, 285 Ga. 736 (684 SE2d 244) (2009). Here, the evidence of the content of the tape must be deemed harmless. If the jury found the boy's taped testimony to be credible, then the evidence was favorable to Boyd, and it was cumulative of his own statements. Even if not, the remaining evidence of Boyd's guilt was overwhelming.

3. There is likewise no merit to Boyd's contention that the trial court improperly expressed an opinion to the jury concerning the voluntariness of his in-custody recorded statement in violation of OCGA § 17-8-57[2] when the trial court stated that it would admit into evidence and allow the publication of two of the State's exhibits, which were tapes of Boyd's statements, over the defense's objections.

Although Boyd did not raise objections below based upon OCGA § 17-8-57, the alleged violation will be reviewed under the "plain error" rule. *Berry v. State*, 282 Ga. 376, 377 (2) (651 SE2d 1) (2007). And the record fails to disclose a violation of OCGA § 17-8-57. Unlike the situation in *Chumley v. State*, 282 Ga. 855 (655 SE2d 813) (2008), cited by Boyd, the trial court did not then state or intimate that the statements were freely or voluntarily made; it merely ruled that the exhibits would be admitted and published though the defendant objected. " 'Pertinent remarks made by a trial court in discussing the admissibility of evidence or explaining its rulings do not constitute prohibited expressions of opinion.' " *Green v. State*, 298 Ga. App. 17, 23 (3) (679 SE2d 348) (2009), quoting *Morrison v. Morrison*, 282 Ga. 866, 867 (1) (655 SE2d 571) (2008).

4. Lastly, Boyd contends that the trial court erred by refusing to charge the jury on misdemeanor-involuntary manslaughter[3] as a

---

[2] OCGA § 17-8-57 provides:

It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

[3] OCGA § 16-5-3 (a) provides:

A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony. A person who commits the offense of involuntary manslaughter in the commission of an unlawful act, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years.

lesser included offense, as it was warranted by the evidence and was his sole defense. But, the contention is unavailing.

The evidence at trial did not warrant an instruction on involuntary manslaughter in the commission of an unlawful act. "[T]his offense requires evidence of an unintentional killing 'by the commission of an unlawful act other than a felony.' " *Finley v. State*, 286 Ga. 47 (685 SE2d 258) (2009). The uncontroverted forensic evidence of the repeated blows to the victim's head and the severity of the victim's injuries were inconsistent with the commission of an unlawful act other than a felony, and certainly not consistent with Boyd's cited misdemeanors of reckless conduct or simple battery. See *Chaney v. State*, 281 Ga. 481, 482 (1) (640 SE2d 37) (2007). Moreover, under Boyd's versions of events, the victim's death was the direct result of the child's unintended fall down the stairs. " 'A charge on involuntary manslaughter is not warranted even if it is the sole defense if the evidence does not support the charge.' " *Folson v. State*, 278 Ga. 690, 693 (4) (606 SE2d 262) (2004). What is more, the jury returned a verdict of guilty of felony murder, thereby determining that all of the elements of the underlying felony offense of aggravated assault existed. See *Yeager v. State*, 274 Ga. 216, 218 (3) (552 SE2d 809) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 2009.

*Charles H.S. Lyons III*, for appellant.

*Ashley Wright, District Attorney, Henry W. Syms, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.