S12A0009. KENDRICK v. THE STATE.
(725 SE2d 296)

MELTON, Justice.

Following a jury trial, Michael Bernard Kendrick appeals his conviction for felony murder, aggravated assault, and possession of a firearm during the commission of a felony, contending, among other things, that the trial court incorrectly charged the jury and that he received ineffective assistance of trial counsel.[1] For the reasons set forth below, we affirm.

---

[1] On August 14, 2001, Kendrick was indicted in Fulton County for malice murder, felony

1. Viewed in the light most favorable to the verdict, the record shows that, on May 21, 2001, Kendrick, Timothy Copeland, and several other men, including Anthony Willoughby and Carl Tucker, were drinking outside Chapel Forest Apartments in Fulton County. An altercation arose between Kendrick and Copeland, and Kendrick struck Copeland in the head with a gin bottle[2] and poured beer on him. The fight was broken up, and Kendrick and Willoughby left the premises to buy more beer. In the meantime, Copeland went home to change his shirt and returned to the gathering. Shortly thereafter, Willoughby drove up in his car with Kendrick in the passenger seat. Two eyewitnesses, Tarshea Durham and Tucker,[3] saw Kendrick get out of the car and start shooting at Copeland. Copeland began running, but he was struck by a bullet and fell on the ground. Kendrick reloaded, and, according to the two eyewitnesses, stood over the fallen Copeland and shot him in the back. Both eyewitnesses testified that Copeland was unarmed, and testing of Copeland's hands indicated that he had not fired a gun. Kendrick fled after the shooting,[4] and Copeland died at the scene from the gunshot wounds. In addition, similar transaction evidence was introduced which showed that, in a prior incident, Kendrick fought with a male friend at a similar party, pulled out a gun, and shot the person with whom he was fighting in the arm.

These facts were sufficient to enable the jury to find Kendrick guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although Kendrick and Willoughby testified that Copeland began shooting at Kendrick first, the jury, as the arbiter of witness credibility, was entitled to disbelieve this version of the facts. See *Hall v. State*, 264 Ga. 85 (1) (441 SE2d 245) (1994).

2. Kendrick contends that the trial court erred by denying his

---

murder, aggravated assault, and possession of a firearm during the commission of a felony. At an April 2003 jury trial, the jury was unable to reach a verdict on any of the charges with the exception of aggravated assault, for which Kendrick was found guilty of the lesser included offense of simple battery. Kendrick was retried on the remaining counts, and, on August 19, 2004, a second jury acquitted Kendrick of malice murder, but found him guilty of felony murder, aggravated assault, and possession of a firearm during the commission of a felony. Kendrick was sentenced to life imprisonment for felony murder with an additional five years, suspended, for possession of a firearm. Although the trial court initially denied Kendrick's motion for new trial on April 9, 2009, the trial court subsequently vacated that order and allowed Kendrick to file an amended motion for new trial on June 30, 2010. The amended motion was denied on June 20, 2011, and Kendrick filed a timely notice of appeal. The resulting case was docketed to the January 2012 term of this Court and submitted for decision on the briefs.

[2] This act formed the basis for Kendrick's conviction for battery in his first trial.

[3] Durham and Tucker knew both Kendrick and Copeland well.

[4] Kendrick had a minor wound on his hand which he testified was the result of being shot by Copeland.

written request to charge the jury on involuntary manslaughter as a lesser included offense of the felony murder charge. At trial, Kendrick testified that Copeland shot at him first, Kendrick immediately began to run away, and he fired his gun back at Copeland while he was running. Kendrick now argues that his act of running away while firing his gun at Copeland[5] could be considered to be reckless conduct, a misdemeanor, that would support a charge on involuntary manslaughter as a lesser included offense of felony murder. We disagree.

> [Kendrick's] admitted act of purposefully [firing his gun at Copeland] constitutes the felony offense of aggravated assault, not reckless conduct. See OCGA §§ 16-5-20 (a) (2); 16-5-21 (a) (2), (b) (aggravated assault includes use of a deadly weapon that places another in reasonable apprehension of immediately receiving a violent injury). . . . Moreover, the jury's verdict of guilty on the felony murder charge establishes the existence of all the elements of the underlying felony offense of aggravated assault. *Boyd v. State*, 286 Ga. 166 (4) (686 SE2d 109) (2009). Thus, the trial court did not err in this regard.

*Jones v. State*, 289 Ga. 145, 148 (3) (710 SE2d 127) (2011).

3. Kendrick argues that the trial court gave the jury an incomplete charge regarding the lesser included offense of voluntary manslaughter. The record shows that the trial court charged the jury:

> With regard to defining the lesser included offense of murder known as voluntary manslaughter. A person commits voluntary manslaughter when that person causes the death of another human being under the circumstances that would otherwise be murder if that person acts solely as *the result of sudden violent and irresistible passion resulting from serious provocation* sufficient to excite such passion in a reasonable person.

(Emphasis supplied.) The trial court further charged:

> I have prepared a form of verdict. It outlines the counts and also shows an alternative to murder, the lesser included

---

[5] Although Kendrick makes a contention on appeal that he was just shooting wildly, not necessarily at Copeland, on direct examination, Kendrick testified that he shot *at Copeland* because he was scared.

offense of voluntary manslaughter. And I will tell you again that voluntary manslaughter is a lesser included offense of murder so they are mutually exclusive. With regard to the lesser included offense. *After consideration of all of the evidence[,] before you would be authorized to return a verdict of guilty of malice murder or felony murder, you must first determine whether mitigating evidence, if any, would cause the offense to be reduced to voluntary manslaughter.*

(Emphasis supplied.) Kendrick argues that the trial court's failure to inform the jury that voluntary manslaughter is a lesser included offense of felony murder at two points in the final charge is error and is not cured by the fact that the trial court did charge the jury on that point prior to deliberation in its third mention of voluntary manslaughter. We disagree.

This Court does "not require the trial courts to follow an exact formula in instructing juries so long as the charge as a whole ensures that the jury will consider whether evidence of provocation and passion might authorize a verdict of voluntary manslaughter." [Cit.] As a whole, the instruction in this case did not prevent the jury "from fully considering voluntary manslaughter," [cit.] and was adequate to inform the jury that before they could convict of malice or felony murder, they must first consider whether there was sufficient evidence of passion or provocation to support a conviction for voluntary manslaughter.

*Hayes v. State*, 279 Ga. 642, 644-645 (2) (619 SE2d 628) (2005). See also *Miner v. State*, 268 Ga. 67 (4) (485 SE2d 456) (1997).[6]

4. Kendrick argues that trial counsel rendered ineffective assistance by failing to object during closing arguments when the State (a) improperly commented on Kendrick's right to remain silent and (b) implied that Willoughby's prior guilty plea was evidence of Kendrick's guilt.

In order to succeed on his claim of ineffective assistance,

---

[6] Kendrick also argues that the verdict form shows that the jurors were confused. For count one, malice murder, the verdict form had an option for malice murder or voluntary manslaughter, but, for count two, there was only an option for felony murder. Kendrick maintains that voluntary manslaughter should have also been listed as an option for count two. Regardless, the verdict form shows that, under count one, the jury specifically decided that Kendrick was "not guilty" of murder *and* not guilty of voluntary manslaughter. This indicates that the jury rejected the presence of mitigating circumstances to support voluntary manslaughter in this case. Therefore, even if the verdict form were irregular, the jury's findings written on the form indicate that they properly followed the trial court's instructions.

[Kendrick] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Lytle v. State*, 290 Ga. 177, 180 (4) (718 SE2d 296) (2011).
    (a) During closing arguments, the prosecutor stated:

[The defense wants] you to believe that [Kendrick,] the same man who in 1993 also confronted a person he knew around 10:00 or so in the evening in a parking lot hanging out with his friends. It was a male victim, knew the victim, verbal argument escalates in both cases, comes out with a gun, and shoots a person for no reason in front of a crowd. Made no attempt to hide his identity in either case, fled the scene, and evades capture until days later when he turns himself in.

Kendrick now characterizes this statement as an improper comment of his pre-arrest silence and failure to come forward. The record shows, however, that Kendrick had already testified on direct that, after Copeland was shot, he fled the scene and that he never interacted with police until they came looking for him. Therefore, Kendrick, himself, initially placed the evidence before the jury that he fled and did not go to police after the shooting, despite the fact that he contended that Copeland shot him in the hand. Because Kendrick himself first placed the evidence he now takes issue with before the jury, the prosecutor did not act inappropriately by commenting on that evidence.
    (b) The record shows that, prior to Kendrick's trial, co-defendant Willoughby entered a plea agreement with the State in which he pled guilty to aggravated assault. During trial, Willoughby was called as a witness by Kendrick, and Willoughby testified that Kendrick shot at Copeland only after Copeland opened fire. During closing arguments, the State attacked Willoughby's veracity by arguing: "Now

[the defense lawyers] want you to believe Anthony Willoughby when he testifies for them. They don't want you to believe him when he pled guilty. He had to be sworn to do that." Kendrick maintains that trial counsel was ineffective by not objecting to this statement, arguing that it is an impermissible contention that Willoughby's guilt may be used to find that Kendrick is also guilty. This mischaracterizes the nature of the statement, however. The prosecutor argued, in essence, that Willoughby's trial testimony should be considered unbelievable because it directly contradicted the substance of his prior guilty plea. Such an argument is permissible, and, as a result, trial counsel did not render ineffective assistance by failing to object to a proper argument.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Ross & Pines, Noah H. Pines, for appellant.*

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General, for appellee.*