**SECOND DIVISION
BARNES, P. J.,
MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 1, 2013**

# In the Court of Appeals of Georgia

A13A0374. RUSSELL v. THE STATE

BARNES, Presiding Judge.

Following the denial of his motion for new trial, Bobby Russell appeals his burglary conviction. In addition to his contention that the State failed to prove that he entered the building without authority and without the intent to commit a theft and that trial counsel was ineffective, Russell contends that the State failed to prove venue, that the trial court expressed bias against him, and that the trial court erred by recharging the jury without providing him notice. Upon our review, we affirm.

1. Russell first contends that the State presented insufficient evidence to support his burglary conviction, arguing that the State did not prove beyond a reasonable doubt the essential elements of the burglary– that he had entered the building without authority, and with the intent to commit a theft. We do not agree.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Viewed in this light, the record reveals that an officer with the LaGrange Police Department responded to a burglary-in-progress call at a local grocery store. The officer observed Russell on the store's loading dock with unopened beer. When Russell saw the police officer he ran, and after a brief chase through a wooded path behind the store, he was captured. Police retrieved several discarded cases of beer along the path. Russell's twelve-year-old nephew and another minor, both of whom

2

were involved in the burglary, testified that Russell was inside the store and that he had taken beer.

> In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8 [(2012)]. The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support the verdict.[1]

*Brown v. State*, 199 Ga. App. 18, 21 (4) (404 SE2d 154) (1991).

Here, the circumstantial evidence tying Russell to the crime and justifying an inference of guilt was sufficient to corroborate the accomplices' testimony. His presence on the loading dock with beer and his subsequent flight from police were

---

[1]Georgia adopted a new evidence code effective January 1, 2013. See Ga. L. 2011, pp. 99, 214 § 101 which provides that the new evidence code "shall apply to any motion made or hearing or trial commenced on or after [January 1, 2013]." Russell's trial was held in 2008.

sufficiently corroborative of the accomplices testimony such that a rational trier of fact could find Russell guilty beyond a reasonable doubt of burglary. See *Blair v. State*, 246 Ga. App. 533, 534 (541 SE2d 120) (2000) (evidence sufficient where accomplice's inculpatory testimony was corroborated by defendant's unexplained recent possession of stolen items and theft tools); *Jenkins v. State*, 217 Ga. App. 655, 655-656 (1) (458 SE2d 497) (1995) (proof of unauthorized entry into unoccupied classroom of elementary school, possession of property stolen from that classroom, and flight when questioned about possessing the stolen property supported burglary conviction).

2. Russell's contention that the State failed to prove venue is also meritless. The store owner testified that his store was located in "LaGrange, Georgia on East Tibo Street" in "Troup County, Georgia." In this case, venue was proven beyond a reasonable doubt through the testimony of the victim. *Rogers v. State*, 247 Ga. App. 219, 221 (2) (543 SE2d 81) (2000).

3. Russell also contends that trial counsel was ineffective. He maintains that trial counsel failed to adequately investigate and prepare for the trial, failed to object to impermissible testimony, and failed to object to certain actions of the trial court. We do not agree.

4

To prevail on such claim, a defendant must establish, pursuant to *Strickland v. Washington*, [466 U. S. 668 (104 SCt. 2052, 80 LE2d 674) (1984)] that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. A court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one. Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact. Moreover, the defendant must overcome the strong presumption that his attorney's performance fell within a wide range of reasonable professional conduct and that the attorney's decisions were made in the exercise of reasonable professional judgment. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review a trial court's legal conclusions de novo.

(Punctuation and footnotes omitted) *Espinosa v. State*, 285 Ga. App. 69, 72 (2) (645 SE2d 529) (2007).

a. Although Russell contends that trial counsel was ineffective for failing to properly investigate his mental health and adequately prepare him to testify at trial in light of his mental condition, at the motion for new trial hearing, trial counsel testified that he had no concerns about Russell's mental health. Moreover, Russell presented

5

no evidence at the new trial hearing — expert or otherwise — that mental illness might have been an issue to be further explored by his trial counsel. Furthermore, even if counsel were deficient in failing to investigate the issue further, or, as Russell asserts, its impact on his ability to testify at trial, Russell does not demonstrate that he was prejudiced by that failure. See *Jennings v. State*, 282 Ga. 679, 680 (2) (653 SE2d 17) (2007). With respect to trial counsel's decision to advise Russell to testify at trial, he must show that "there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors." (Citation and punctuation omitted.) *Tutton v. State*, 179 Ga. App. 462, 464 (4) (346 SE2d 898) (1986). This he has not done. Moreover, "[W]hether or not to testify in one's own defense is considered a tactical decision to be made by the defendant himself after consultation with his trial counsel." *Burton v. State*, 263 Ga. 725, 728 (6) (438 SE2d 83) (1994).

b. Regarding Russell's claim that trial counsel was ineffective for failing to object when the store owner was asked whether his business had been burglarized, again, Russell has failed to demonstrate prejudice that the outcome of the trial would have been different absent this alleged deficiency in trial counsel's performance. "If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the

6

reviewing court does not have to examine the other prong." (Citations omitted.) *Kendrick v. State*, 290 Ga. 873, 877 (4) (725 SE2d 296) (2012).

c. Russell contends that trial counsel was ineffective for failing to object to certain behavior by the trial court, including telling him that he could not get a new appointed attorney because he did not like his current attorney, discouraging him from representing himself, telling him that the State had offered him a good deal to plea bargain, and recharging the jury on "burglary" without input from the parties.

Regarding his complaints about the trial court's action, our review of the record demonstrates that on the first day of trial, Russell told the trial court that he wanted to fire his appointed attorney. The trial court advised Russell that he could get one appointed attorney and that [w]e don't appoint another attorney if you don't like the lawyer." The court further advised him that his current attorney was "a good lawyer," noted the possible delay in his trial if he chose not proceed with his current attorney, and that Russell could represent himself if he wanted to, but that the court did not think he could "adequately do it."

It is clear from the record that the trial court did not advise Russell that he could not proceed pro se; likewise, the trial court did not err in advising Russell that

7

he could not have another attorney appointed simply because he did not like his current attorney.

> While an indigent defendant accused of a crime for which imprisonment is possible is entitled to have reasonably effective counsel provided to assist him, he is not entitled to counsel of his own choosing. A request by an indigent criminal defendant to discharge one court-appointed counsel and have another substituted in his place addressees itself to the sound discretion of the trial court.

(Citations and punctuation omitted.) *Reynolds v. State*, 231 Ga. App. 33, 36 (4) (497 SE2d 580) (1998) (trial court acted within its discretion in declining to appoint new counsel simply because defendant "tended not to like or trust his lawyer.")

Moreover, we find no error in the trial court's statement to Russell that "the State offered you an extremely good deal to plea bargain this case out." The record shows that the statement was made within the context of Russell's request to fire his attorney and proceed pro se, not within the context of a plea hearing. The trial court advised Russell that he would receive 20 years because of his prior felonies, that the State's offer of one year in jail had been a "good deal," and that he was not "helping [himself]" by doing all of this. Although Russell contends within the context of an ineffective assistance allegation for his attorney not objecting and in a separate

8

enumeration that this behavior exhibited the "judge's apparent bias" against him, we do not agree.

There was nothing improper in the trial court's discussion with Russell. "[A]ny alleged bias must be of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment." (Citation and punctuation omitted.) *Lemming v. State*, 292 Ga. App. 138, 141 (1) (663 SE2d 375) (2008). These remarks do meet this standard, and any objection to them by trial counsel would have been meritless. It follows, therefore, that "counsel's failure to make a meritless objection . . . does not constitute deficient performance." *Mikell v. State*, 286 Ga. 722, 724 (2) (b) (690 SE2d 858) (2010).

Likewise, trial counsel was not ineffective for failing to object to the trial court's decision to recharge the jury on burglary. The record demonstrates that the trial court did so in response to two written questions it received from the jury during deliberations. The jury asked "Was the store open during the burglary?" and "Where did the defendant say he picked up the beer?" The trial court instructed the jury to remember the evidence as best that it could, and then advised that in response to the question it would give them the charge on burglary again.

9

As a general rule, the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. Where a jury, which has been fully and properly charged, requests a recharge on a specific question, it is within the discretion of the trial court whether to recharge entirely or to recharge only on the specific question. It is not error to recharge only on the specific question so long as the recharge taken alone does not leave an erroneous impression in the minds of the jury.

(Citations and punctuation omitted.) *Cloyd v. State*, 237 Ga. App. 608, 610 (3) (516 SE2d 103) (1999). Within this context, "[t]o determine whether a recharge is erroneous, we examine the charge as a whole, including both the initial charge and the recharge." Id.

Upon our review of the initial charge and recharge, we conclude that, contrary to Russell's contention, the recharge did not overemphasize the State's case and cause undue prejudice to him. The charge and recharge in this case were not misleading; the charges did not imply that a burglary could not be committed in any way other than that charged and were not presented in a way which could possibly mislead the jury. "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury . . . a reviewing court will not disturb a verdict amply authorized

10

by the evidence."(Citation and punctuation omitted.) *Taylor v. State*, 195 Ga. App. 314, 315 (1) (393 SE2d 690) (1990).

Thus, the trial court did not err in its recharge and trial counsel was not ineffective on this basis.

*Judgment affirmed. Miller and Ray, JJ., concur.*