# Court of Appeals
# of the State of Georgia

ATLANTA,  February 06, 2017

*The Court of Appeals hereby passes the following order:*

**A16A1918. BRYANT v. THE STATE.**

Steven Dale Bryant filed a motion to remand this appeal for a hearing on his ineffectiveness of trial counsel claims.

The trial court entered Bryant's judgment of conviction on August 25, 2015. On September 11, 2015, trial counsel filed a motion for a new trial, alleging the general grounds. Thereafter, Bryant filed a number of pro se motions, which the trial court denied because Bryant was, at that time, "represented by an attorney." On February 8, 2016, the trial court sent a letter to Bryant's trial counsel requesting that he confirm whether or not he was representing Bryant. The record does not include a response from trial counsel, but on February 23, 2016, the trial court sent a letter to the Georgia Public Defender Council ("GPDC") inquiring about who would represent Bryant on appeal because Bryant's trial counsel had "conflicted out."

Bryant continued to send pro se motions, including on February 29, 2016, a "motion to dismiss counsel and appoint new appointment of counsel," in which he alleged that his trial counsel was ineffective. Subsequently, on March 7, 2016, Bryant filed a motion in which he indicated that he wanted to keep his trial counsel and proceed with a hearing on the motion for new trial. His trial counsel filed an amended motion for new trial on April 25, 2016, which, following a hearing, the trial court denied in an order entered on May 2, 2016.

Trial counsel filed a timely notice of appeal from that order, and on July 8, 2016, a motion for an extension of time to file brief. After the extension of time was granted, trial counsel filed a motion to remand in this Court in which he maintained that on July 12, 2016, Bryant had filed a pro se motion alleging ineffective assistance

of counsel, and that the case should be remanded for a hearing on the motion.[1] In a second motion for an extension of time to file brief filed on August 17, 2016, trial counsel indicated that he had been released from Bryant's case by order of the trial court dated July 20, 2016.[2] On August 29, 2016, trial counsel filed Bryant's appellant's brief.

> Under well established Georgia law, appellant was required to raise any issue of ineffective assistance of trial counsel at the earliest practicable moment to avoid it being deemed waived. This requirement that an ineffectiveness claim be made at the earliest practicable moment is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and the public. By "earliest practicable moment," we mean that the ineffectiveness claim must be raised before appeal if the opportunity to do so is available.

(Citations and punctuation omitted.) *Garland v. State*, 283 Ga. 201, 202 (657 SE2d 842) (2008).

In this case, it is difficult, if not impossible, for this Court to ascertain whether Bryant has made an ineffectiveness claim, much less whether it was made at the earliest practicable moment. The record demonstrates that in February of 2016, trial counsel notified the trial court that he was conflicted out of Bryant's case because of ineffectiveness claims. The trial court then sent a letter of inquiry to the GPDC about new appellate counsel, but it does not appear that new counsel was appointed, and the hearing on the motion for new trial proceeded with the original trial counsel. Bryant then filed several pro se motions, and in at least one of them alleged ineffectiveness claims against his attorney. In the amended motion for new trial that was filed by trial

---

[1] Bryant's motion is not included with the record on appeal.

[2] The order dismissing trial counsel was not included with the record on appeal, nor has the record been supplemented with the order. We also note that trial counsel did not file a notice of withdrawal of counsel of record in this Court pursuant to Court of Appeals Rule 9 (d).

counsel, and at the subsequent hearing on the motion for new trial, there were no allegations of ineffectiveness. It further appears that trial counsel was subsequently removed from Bryant's case after the notice of appeal was filed, but then filed the appellant's brief, in which no allegations of ineffective assistance were made.

"In a post-conviction situation . . . the legitimacy of a request for appointment of new counsel is per se established, in that trial counsel cannot reasonably or ethically be expected to assert or argue his or her own ineffectiveness." *Garland v. State*, 283 Ga. at 205 ("Appellant was constitutionally entitled to the appointment of conflict-free counsel to represent him on appeal.")

Because the record is unclear as to whether Bryant was afforded the opportunity to raise an ineffectiveness claim at the earliest practicable moment with the benefit of non-conflicted appellate counsel, Bryant's motion is GRANTED, and we remand the case to the trial court for appropriate proceedings concerning the issue of ineffective assistance, including the appointment of appellate counsel. *Peterson v. State*, 274 Ga. 165, 171-172 (549 SE2d 387) (2001). The case may then be transmitted to and re-docketed with the Court of Appeals. Upon re-docketing, briefing by the parties should proceed in accordance with Court of Appeals Rule 23.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __02/06/2017_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

 , Clerk.